IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

David H. Haynes,                    :

    Plaintiff,                  :

  v.                                :     Case No. 2:03-cv-1146

City of Circleville, et al.,        :     MAGISTRATE JUDGE KEMP

    Defendants.                 :

OPINION AND ORDER

    This matter is before the Court on three motions filed by the parties involved in this case: defendants' Rule 37 motion to exclude plaintiff's expert report and testimony; plaintiff's motion to allow expert report; and defendants' motion to strike the affidavit of Jeff Moody.  All motions concern the admission of Jeff Moody's expert testimony.  For the following reasons, the defendants' Rule 37 motion to exclude plaintiff's expert report and testimony and defendants' motion to strike the affidavit of Jeff Moody will be granted, and plaintiff's motion to allow expert report will be denied.

    Pursuant to Fed.R.Civ.P. 16, this Court entered a preliminary pretrial order.  Concerning expert testimony, the Court stated:

> If plaintiff seeks to establish a matter affirmatively through the use of expert testimony, he shall identify such expert by August 29, 2004.  The manner of identification shall be by way of the disclosures required by Fed. R. Civ. P. 26(a)(2), which reads in full:
>
> "Except as otherwise stipulated or directed by the court, this disclosure shall, with respect to a witness who is retained or

> specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony, be accompanied by a written report prepared and signed by the witness.  The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; and exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.["]
>
> If defendants desire to use expert testimony directed to that subject matter, they shall identify, in the same manner, such expert by September 30, 2004.  Pursuant to Fed. R. Civ. P. 26(b)(4)(A), leave of court is not required in order to depose a testifying expert.

Preliminary Pretrial Order, April 4, 2004.

On May 3, 2004, Mr. Haynes informed the City of Circleville ("City") and Police Chief Gray, in a response to defendants' interrogatories, that Jeff Moody may be one of five potential expert witnesses called by Mr. Haynes in this case.  Mr. Haynes admits, however, that despite identifying Mr. Moody as a potential expert witness, Mr. Haynes did not submit Mr. Moody's report to the City or Police Chief Gray until June 1, 2005. Because of the untimely filing of Mr. Moody's expert report, the defendants moved this Court to exclude Mr. Moody's testimony. Additionally, Mr. Haynes moved to allow Mr. Moody's expert report.

In both the motion to exclude plaintiff's expert report and

2

testimony and motion to strike the affidavit of Jeff Moody, the defendants argue that Mr. Haynes' disregard for the expert testimony deadline established in the pretrial order cannot be "substantiated" and was "harmful and prejudicial."  Specifically, the City and the Chief claim that they were without the benefit of Mr. Moody's report when conducting the deposition of Mr. Haynes.  The City and the Chief argue that they "would certainly have incorporated the information contained in Plaintiff's expert report into the deposition of Plaintiff."  Defendants' Rule 37 motion to exclude plaintiff's expert report and testimony at p. 5.  The defendants argue that they disclosed their expert reports in a timely manner, which gave Mr. Haynes the benefit of reviewing and using their expert reports when conducting the depositions of Police Chief Gray and other defense witnesses.

In the motion to strike the affidavit of Jeff Moody, the City and the Chief claim that the affidavit is a "back door" attempt to introduce Mr. Moody's testimony because, according to the affidavit, Mr. Moody prefaces his statements by stating, "[a]ll of my opinions below are to a reasonable degree of dog handling certainty."  Defendant's motion to strike the affidavit of Jeff Moody at p. 3.  Because the defendants did not receive Mr. Moody's expert report until June 1, 2005, they request that this Court exclude Mr. Moody's expert report from use in hearings, motions and all other proceedings pursuant to Fed.R.Civ.P. 37.

In response, Mr. Haynes contends that the defendants received proper notice when he filed his interrogatory responses identifying Mr. Moody as one of five potential expert witnesses.  Mr. Haynes also claims that he submitted Mr. Moody's expert report on June 1, 2005 because "the report was not available until that time."  Plaintiff's memorandum contra to sanctions at p. 1.  Additionally, Mr. Haynes argues that the City and the

3

Chief "knew" Mr. Moody's opinions regarding this case through previous correspondences, so the failure to comply with the deadline was not prejudicial to the defendants. Finally, Mr. Haynes' counsel stated:

> Plaintiffs' counsel is a soul [sic] practitioner. His Federal practice is limited. Attorneys in state court practice with civility. Counsel does not have to run to court each time a discovery deadline is approaching so long as the other counsel does not object. That point was missed by this counsel who for sure will adhere to all future dead lines [sic] and he will make sure Defendant's counsel does also.

Id. at p. 3.

Fed.R.Civ.P. 16(b) requires the Court, in each civil action which is not exempt from that rule, to "enter a scheduling order that limits the time" to, <u>inter alia</u>, file motions, identify expert witnesses, and complete discovery. The rule further provides that "[a] schedule shall not be modified except upon a showing of good cause ...." <u>Id.</u>

Although the Court has broad discretion to modify its own pretrial orders, it must be remembered that "[a]dherence to reasonable deadlines is ... critical to maintaining integrity in court proceedings," <u>Rouse v. Farmers State Bank</u>, 866 F.Supp. 1191, 1199 (N.D. Iowa 1994), and that pretrial scheduling orders are "the essential mechanism for cases becoming trial-ready in an efficient, just, and certain manner." <u>Id</u>. at 1198. In evaluating whether the party seeking modification of a pretrial scheduling order has demonstrated good cause, the Court is mindful that "[t]he party seeking an extension must show that despite due diligence it could not have reasonably met the scheduled deadlines." <u>Deghand v. Wal-Mart Stores</u>, 904 F.Supp. 1218, 1221 (D. Kan. 1995). The focus is primarily upon the diligence of the movant; the absence of prejudice to the opposing

party is not equivalent to a showing of good cause. Tschantz v. McCann, 160 F.R.D. 568, 571 (N.D. Ind. 1995). Of course, "[c]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." Dilmer Oil Co. v. Federated Mut. Ins. Co., 986 F.Supp. 959, 980 (D.S.C. 1997). Further, although the primary focus of the inquiry is upon the moving party's diligence, the presence or absence of prejudice to the other party or parties is a factor to be considered. Inge v. Rock Financial Corp., 281 F.3d 613 (6th Cir. 2002). It is with these standards in mind that the instant motion will be decided.

In the case before this Court, Mr. Haynes filed Mr. Moody's expert report ten months after the deadline established in the preliminary pretrial order. Additionally, one year after that same deadline elapsed, Mr. Haynes filed a motion to allow Mr. Moody's expert report.

Mr. Haynes' excuse that Mr. Moody's expert report was not available until June 1, 2005 could conceivably be a reasonable explanation that, despite due diligence, Mr. Haynes could not have reasonably met the scheduled deadlines, although that would depend on the reasons that the report was not available. Nevertheless, there is no reason why Mr. Haynes could not have requested an extension of the expert report deadline prior to August 24, 2004. Nothing in the record suggests that Mr. Haynes was prevented from requesting an extension if Mr. Haynes knew the expert report was not prepared. Further, identifying five potential expert witnesses in a response to interrogatories is not reasonable notice of the contents of those experts' opinions, nor is it proper to argue that the opposing party should have anticipated what the expert was going to conclude. Discovery deadlines are an essential mechanism for cases becoming trial-ready in an efficient, just, and certain manner, and attempting to enforce those deadlines does not indicate a lack of civility.

Finally, according to the record, the defendants were prejudiced by Mr. Haynes' actions when they conducted discovery because they deposed Mr. Haynes without the assistance of Mr. Moody's report, which, according to them, could have assisted them in their deposition preparation and in the deposition itself. Mr. Haynes was not subjected to the same prejudice because it appears that the defendants filed all of their expert reports in accordance with the preliminary pretrial order.

In sum, Mr. Haynes failed to comply with the preliminary pretrial order and Fed.R.Civ.P. 26(a)(2). Mr. Haynes has failed to prove good cause pursuant to Fed.R.Civ.R. 16 in order for this Court to modify and extend the discovery deadlines for an expert report. Additionally, it appears that Mr. Moody's affidavit is an attempt to circumvent the expert report rules and introduce Mr. Moody's opinions into evidence. Therefore, defendants' Rule 37 motion to exclude plaintiff's expert report (doc. #40) and testimony and motion to strike the affidavit of Jeff Moody (doc. #54) are GRANTED. Plaintiff's motion to allow Mr. Moody's expert report (doc. #52) is DENIED. Accordingly, pursuant to Fed.R.Civ.P. 26 and 37, Mr. Haynes is prohibited from using Mr. Moody's expert testimony "as evidence at a trial, at a hearing, or on a motion." Fed.R.Civ.P. 37( c).

/s/ Terence P. Kemp
United States Magistrate Judge